**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PROTECS, LLC | : | |
| | : | |
| Plaintiff | : | ANSWER AND COUNTERCLAIM |
| | : | |
| v. | : | No.: 2:19-cv-02657-JCJ |
| | : | |
| DONAVON S. MINNIS, ENGAGE | : | |
| CONTRACTING, INC., SALMON | : | |
| CONSTRUCTION, LLC, TYLER | : | |
| NACCARATO, and SETH MINNIS, | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS DONAVON S. MINNIS, SETH MINNIS,
TYLER NACCARATO AND ENGAGE CONTRACTING, INC.
AND COUNTERCLAIM OF DEFENDANT DONAVON S. MINNIS**

Defendants Donavon S. Minnis; Tyler Naccarato; Seth Minnis; and Engage Contracting, Inc. ("Defendants"), by and through their counsel of record, hereby answer Plaintiff PROTECS, LLC's ("Plaintiff" or "PROTECS") Complaint.

Subject to, and without waiving their affirmative defenses, Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows, specifically reserving the right to amend or supplement their responses as further discovery and investigation may warrant.

**Nature of the Action**

1.     For lack of knowledge or information sufficient to form a belief about the truth of the allegations, Defendants deny the allegations in Paragraph 1.

**The Parties**

2.     For lack of knowledge or information sufficient to form a belief about the truth of the allegations, Defendants deny the allegations in Paragraph 2.

3.      Defendants admit the allegations in Paragraph 3.

4.      Defendants admit the allegations in Paragraph 4.

5.      Defendants admit the allegations in Paragraph 5.

6.      Defendants admit the allegations in Paragraph 6.

7.      Defendants admit the allegations in Paragraph 7.

**Jurisdiction and Venue**

8.      The allegations in Paragraph 8 set forth a legal conclusion regarding the jurisdiction of this Court and, therefore, no response is required.  To the extent a response is required, Defendants admit only that Defendants are citizens of Utah.  For lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning the citizenship of Plaintiff, Defendants deny the allegation that Plaintiff is a citizen of a state different than Utah.  Defendants deny the remaining allegations in Paragraph 8.

9.      For lack of knowledge or information sufficient to form a belief about the truth of the allegations, Defendants deny the allegations in Paragraph 9.

10.     Defendants admit the allegations in Paragraph 10.

11.     Defendants admit the allegations in Paragraph 11.

12.     Defendants admit the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 set forth a legal conclusion regarding the proper venue for this action and, therefore, no response is required.  To the extent a response is required, Defendants deny that venue is proper in this judicial district and deny the remaining allegations in Paragraph 13.

FPDOCS 35859366.1

## Facts Giving Rise to PROTECS' Claims

14.     Defendants admit only that PROTECS is a construction management, design-build company that has its headquarters in Plymouth Meeting, Pennsylvania and that PROTECS provides services to certain biotechnology companies.  For lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations, Defendants deny the remaining allegations in Paragraph 14.

15.     For lack of knowledge or information sufficient to form a belief about the truth of the allegations, Defendants deny the allegations in Paragraph 15.

16.     Defendants admit only that PROTECS has an office in Utah.  For lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations, Defendants deny the remaining allegations in Paragraph 16.

17.     For lack of knowledge or information sufficient to form a belief about the truth of the allegations, Defendants deny the allegations in Paragraph 17.

18.     Defendants admit that Donovan was employed as a Project Director for Okland Construction in or around April 2017, but deny the remainder of this paragraph for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

19.     Defendants admit that prior to his employment with Okland Construction, Donavon worked with other construction and contracting entities.  Defendants also admit that Master's Touch Construction, Inc. changed its name to Engage Contracting, Inc. in 2001, but deny the remainder of the allegations in Paragraph 19.

20.     Defendants deny the allegations in Paragraph 20.

3

21.     Defendants admit that, on May 9, 2017, Donovan accepted an offer of employment from Plaintiff to serve as the Director of Plaintiff's Utah office.

22.     Defendants admit that Donavan signed a document titled Restrictive Covenant Agreement on May 15, 2017, and that he began his work for Plaintiff on May 30, 2017, but deny the remainder of the allegations in Paragraph 22.

23.     For lack of knowledge or information sufficient to form a belief about the truth of the allegations, Defendants deny the allegations in Paragraph 23.

24.     Defendants admit that Plaintiff offered Seth Minnis the position of superintendent and that Seth Minnis commenced employment as a PROTECS superintendent on November 13, 2017, but deny the remainder of the allegations in Paragraph 24.

25.     Defendants admit that Seth Minnis signed a document titled Restrictive Covenant Agreement on November 16, 2017, but deny the remainder of the allegations n Paragraph 25.

26.     Defendants admit that Donavan recommended that PROTECS hire Naccarato as a Senior Project Manager and that PROTECS offered the position to Naccarato on April 12, 2018, which position Naccarato accepted.   Defendants deny the remainder of the allegations in Paragraph 26.

27.     Defendants admit that Naccarato signed a document titled Restrictive Covenant Agreement on May 27, 2018, and that he began his work for Plaintiff on June 4, 2018, but deny the remainder of the allegations in Paragraph 27.

28.     Defendants affirmatively assert that the contract or agreement speaks for itself and deny the remaining allegations in Paragraph 28.

29.     Defendants affirmatively assert that the contract or agreement speaks for itself and deny the remaining allegations in Paragraph 29.

30.     Defendants affirmatively assert that the contract or agreement speaks for itself and deny the remaining allegations in Paragraph 30.

31.     Defendants affirmatively assert that the contract or agreement speaks for itself and deny the remaining allegations in Paragraph 31.

32.     Defendants affirmatively assert that the contract or agreement speaks for itself and deny the remaining allegations in Paragraph 32.

33.      Defendants affirmatively assert that the contract or agreement speaks for itself and deny the remaining allegations in Paragraph 33.

34.     Defendants affirmatively assert that the contract or agreement speaks for itself and deny the remaining allegations in Paragraph 34.

35.     Defendants admit that PROTECS introduced Donavan to some of its clients, but deny the remainder of this paragraph.

36.     Defendants admit that Donavon attempted to collect information about potential clients, but deny the remaining allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants admit that Donovan oversaw several full-time PROTECS employees, but deny the remaining allegations in Paragraph 38.

39.     Defendants admit that Donavan tendered his verbal resignation from PROTECS on January 7, 2019, and that Donavan submitted a formal resignation letter to PROTECS on January 9, 2019, but deny the remainder of the allegations in Paragraph 39.

40.     Defendants admit that Plaintiff accepted Donovan's resignation, but deny the remaining allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants admit that counsel for PROTECS sent Donavan a cease and desist letter, but deny the remainder of the allegations in Paragraph 45.

46.     Defendants admit Donavon's counsel responded to PROTECS' cease and desist letter, but deny the remainder of the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants admit that Salmon Construction is owned by Michael Salmon, but deny the remainder of the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants admit that Seth Minnis resigned from PROTECS on March 4, 2019, but deny the remainder of the allegations in Paragraph 52 for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

53.     Defendants admit that Naccarato submitted his written resignation to Plaintiff on April 15, 2019, but deny the remainder of the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

FPDOCS 35859366.1

55.     For lack of knowledge or information sufficient to form a belief about the truth of the allegations, Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 57.

    a.   Defendants deny the allegations in Paragraph 57(a).

    b.   Defendants deny the allegations in Paragraph 57(b).

    c.   Defendants deny the allegations in Paragraph 57(c).

    d.   Defendants deny the allegations in Paragraph 57(d).

58.     The allegations in Paragraph 58 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 58.

    a.   Defendants deny the allegations in Paragraph 58(a).

    b.   Defendants deny the allegations in Paragraph 58(b).

    c.   Defendants deny the allegations n Paragraph 58(c).

59.     The allegations in Paragraph 59 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 59.

60.     The allegations in Paragraph 60 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 61.

62.     The allegations in Paragraph 62 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 62.

## COUNT ONE
### (<u>Injunctive Relief against All Defendants</u>)

63.     Defendants incorporate by reference their responses to paragraphs 1–62 above as if fully set forth herein.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

    a.   Defendants deny the allegations in Paragraph 67(a).

    b.   Defendants deny the allegations in Paragraph 67(b).

    c.   Defendants deny the allegations in Paragraph 67(c).

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

## COUNT TWO
### (<u>Breach of Contract against Donovan, Naccarato, and Minnis</u>)

73.     Defendants incorporate by reference their responses to paragraphs 1–72 above as if fully set forth herein.

74.     Defendants admit that they each signed documents titled Restrictive Covenant Agreement, but deny the remaining allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

8

    a.      Defendants deny the allegations in Paragraph 75(a).

    b.      Defendants deny the allegations in Paragraph 75(b).

    c.      Defendants deny the allegations in Paragraph 75(c).

    d.      Defendants deny the allegations in Paragraph 75(d).

76.     Defendants deny the allegations in Paragraph 76.

    a.      Defendants deny the allegations in Paragraph 76(a).

    b.      Defendants deny the allegations in Paragraph 76(b).

    c.      Defendants deny the allegations in Paragraph 76(c).

77.     Defendants deny the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

**COUNT THREE**
**(Intentional Interference with Contract against Engage and Salmon Construction)**

79.     Defendants incorporate by reference their responses to paragraphs 1–78 above as if fully set forth herein.

80.     Defendants admit that they each signed documents titled Restrictive Covenant Agreement, but deny the remaining allegations in Paragraph 80.

81.     To the extent the allegations in Paragraph 81 seek to paraphrase or characterize the contents of the Restrictive Covenant Agreements, the documents speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with those documents.

82.     Defendants deny the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants deny any and all allegations in the Complaint, including the requests for relief, that are not expressly admitted herein.

### THIRD DEFENSE

Defendants have breached no duty or contract as alleged in Plaintiff's Complaint.  Further, Plaintiff failed to fully pay Defendant Donovan Minnis, which voided the Restrictive Covenant Agreement.

### FOURTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred under the doctrines of waiver and/or estoppel and the applicable statute(s) of limitation.

### FIFTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred to the extent Plaintiff has not suffered damages.

### SIXTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred to the extent Plaintiff has failed to mitigate its damages (should any damages exist).

10

## SEVENTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred by a lack of consideration.

## EIGHTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred to the extent that amounts owed to Plaintiff, if any, are offset by Plaintiff's liabilities to Defendants.

## TENTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred to the extent that Plaintiff agreed and consented to the actions complained of in the Complaint.

## ELEVENTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred because of Plaintiff's breach of the implied covenant of good faith and fair dealing.

## TWELFTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred because Plaintiff was the first to breach the Restrictive Covenant Agreement between the parties, relieving Defendants of any additional duties or obligations under the Restrictive Covenant Agreement.

## THIRTEENTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred because they are brought in an improper venue.

FPDOCS 35859366.1

## FOURTEENTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred because they run contrary to public policy.

## FIFTEENTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred because Defendants acted in good faith and were justified in each of their actions.

## SIXTEENTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred because the Court lacks personal jurisdiction over Defendants.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint and all claims asserted therein are barred for the reasons set forth in the Counterclaim.

Defendants hereby reserve the right to assert any other affirmative defenses and/or claims that may come to light during the course of discovery.

WHEREFORE, Defendants request judgment in their favor and against Plaintiff on each and every count, together with an award of attorneys' fees, costs, and interest as permitted by law and such other and further relief as this Court deems just and equitable.

12

## COUNTERCLAIM

Donavan Minnis ("Counterclaim Plaintiff" or "Donavan") hereby complains against Protecs, LLC ("Counterclaim Defendant" OR "PROTECS") as follows:

## PARTIES AND JURISDICTION

1.      Donavan is an individual resident of Salt Lake County, Utah.

2.      On information and belief, PROTECS is a limited liability company organized under the laws of Pennsylvania, with its principal place of business in Plymouth Meeting, Pennsylvania.

3.      The Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum of $75,000 and because, upon information and belief, Donavan and PROTECS are citizens of different states.

4.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) because the only defendant named in the counterclaim, PROTECS, resides in the Eastern District of Pennsylvania.

## GENERAL ALLEGATIONS

5.      On May 8, 2017, PROTECS offered Donavan the position of Director of its new Salt Lake City office.

6.      On May 15, 2017, Donavan and PROTECS entered into an agreement (the "Employment Offer," attached hereto as **Exhibit "A"**).

7.      The Employment Offer stated that Donavan would receive a Sales Commission Incentive from PROTECS:

FPDOCS 35859366.1

[f]or any projects that PROTECS is awarded throughout the inter-mountain and pacific region of US for new clients you bring on and Stryker (excluding the current Whistler project) you will receive .80% commission on the initial contract value of $GMP or LS projects and .5% on T&M project work.**

. . . .

**Note: The projects must be sold at successful profit parameters consistent with company practice. All sales commissions will be paid out on a quarterly basis to employee.*

8.      Donavan commenced his work for PROTECS on May 30, 2017.

9.      During his employment with PROTECS, Donavan brought on several new clients, and PROTECS was awarded several projects throughout the inter-mountain and pacific region of the United States as a result of Donavan's work.

10.      PROTECS paid the Sales Commission Incentive(s) to Donavan for the first year of his work at PROTECS for the new clients that he brought in and for the projects that were awarded to PROTECS as a result of his efforts.

11.      However, during the second year of Donavan's employment with PROTECS, PROTECS failed to pay Donavan the Sales Commission Incentive(s) for the new clients that he brought in and for the projects that were awarded to PROTECS as a result of his efforts.

12.      Donavan expressed his concerns regarding his compensation to the CEO and VP of PROTECS.

13.      Nevertheless, PROTECS disregarded Donavan's concerns and failed to pay the required Sales Commission Incentive(s) for the new clients that Donavan brought in during his second year with the company.

14.      Due to PROTECS' breaches of the Employment Offer, on January 7, 2019, Donavan tendered his verbal resignation from PROTECS.

FPDOCS 35859366.1

15.     On January 9, 2019, Donavan submitted a formal resignation letter to PROTECS.

16.     Donavan has been damaged by virtue of PROTECS' failure to pay the Sales Commission Incentive(s) that he earned during his second year of employment with PROTECS.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

17.     Donavan incorporates by reference the averments set forth above.

18.     The Employment Offer is a valid and enforceable agreement between Donavan and PROTECS.

19.     Donavan performed all of his obligations under the Employment Offer except those that he is legally excused from performing.

20.     PROTECS breached the Employment Offer by, among other things, failing to pay Donavan the Sales Commission Incentive(s) for the projects and clients he brought to PROTECS during his second year of employment with PROTECS.

21.     Donavan has been damaged by PROTECS' breaches of the Employment Offer.

22.     Donavan is entitled to recover general, compensatory, and consequential damages in an amount to be proven at trial, pre- and post-judgment interest, and reasonable attorney fees and costs.

## SECOND CAUSE OF ACTION
### (Pa. Wage Payment and Collection Law)

23.     Donavon incorporates by reference the foregoing allegations of his Counterclaim as if fully set forth herein.

24.     The Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. C.S. §§ 260.1, *et seq.*, was enacted to provide employees a means of enforcing the payment of wages

15

and compensation that have been earned by an employee, but withheld by an employer. *See Voracek v. Crown Castle USA Inc.* 907 A.2d 1105, 1109 (Pa. Super. 2006).

25.     Donavon is an "employee" within the meaning of the WPCL.

26.     PROTECS is an "employer" within the meaning of the WPCL.

27.     Donavon was entitled to receive and earned a Sales Commission Incentive under the terms of his Employment Offer with PROTECS, and the amounts due to Donavon as a Sales Commission Incentive were "wages" within the meaning of the WPCL.

28.     The wages earned by Donavon were due and payable to him by PROTECS by no later than the next regular payday of PROTECS after Donavon's resignation on which such wages were otherwise due and payable.

29.     PROTECS failed to pay Donavon wages associated with a Sales Commission Incentive that he earned on or before the next regular payday of PROTECS following Donavon's resignation.

30.     PROTECS has no good faith contest or dispute regarding the wages due Donavon.

31.     PROTECS has no good faith assertion of a right of setoff or counterclaim accounting for the nonpayment of the wages due Donavon.

32.     Donavon has been damaged by PROTECS' failure to pay wages earned by him and due and payable.

33.     Donavon is entitled to liquidated damages in the amount of 25% of the total wages due and payable, or in the amount of $500.00, whichever is greater.

34.     Donavon is entitled to attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (Utah Payment of Wages Act)

35.     Donavon incorporates by reference the foregoing allegations of his Counterclaim as if fully set forth herein.

36.     The Utah Payment of Wages Act ("UPWA"), Utah Code § 34-28-1, *et seq.*, provides a private right of action for actual damages where an employee's wage claim is over $10,000. *See Gutierrez v. Summit Mountain Holding Grp.*, No. 1:17-cv-00049, 2018 WL 5892667, at *8 & n.86 (D. Utah Nov. 9, 2018).

37.     Donavon is an "employee" within the meaning of the UPWA.

38.     PROTECS is an "employer" within the meaning of the UPWA.

39.     Donavon was entitled to receive and earned a Sales Commission Incentive under the terms of his Employment Offer with PROTECS, and the amounts due to Donavon as a Sales Commission Incentive were "wages" within the meaning of the UPWA.

40.     The wages earned by Donavon were due and payable to him by PROTECS by no later than the next regular payday of PROTECS after Donavon's resignation on which such wages were otherwise due and payable.

41.     PROTECS failed to pay Donavon wages associated with a Sales Commission Incentive that he earned on or before the next regular payday of PROTECS following Donavon's resignation.

42.     PROTECS has no good faith contest or dispute regarding the wages due Donavon.

43.     PROTECS has no good faith assertion of a right of setoff or counterclaim accounting for the nonpayment of the wages due Donavon.

FPDOCS 35859366.1

44.     Donavon has been damaged by PROTECS' failure to pay wages earned by him and due and payable.

45.     Under Utah Code § 34-28-9.5(3), Donavan is entitled to an award of actual damages, an amount equal to 2.5% of the unpaid wages owed to Donavan for up to 20 days, and the penalty described in Subsection 34-28-5(1)(c).

## JURY DEMAND

Counterclaim Plaintiff hereby demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff prays the Court grant relief as follows:

1.      For entry of an order of general, compensatory, and consequential damages, plus pre- and post-judgment interest, attorney fees and costs;

2.      For exemplary and punitive damages;

3.      For permanent injunctive relief enjoining PROTECS from enforcing, or attempting to enforce, the Restrictive Covenant Agreement;

4.      For liquidated damages, attorney fees, and costs as permitted by the WPCL, the UPWA and/or any other applicable law or rule of court;

5.      For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ *Paul J. Greco*
Paul J. Greco, Esquire (ID No. 55770)
FISHER & PHILLIPS LLP
150 N. Radnor Chester Road – Suite C300
Radnor, PA 19087
Tel.    (610) 230-2146
Fax    (610) 230-2151
Email   pgreco@fisherphillips.com

18

William O. Kimball, Esquire (*pro hac vice*)
PIA ANDERSON MOSS HOYT
136 East South Temple – Suite 1900
Salt Lake City, UT 84111
Tel.    (801) 350-9000
Fax    (801) 350-9010
Email  bkimball@pa-law.com

*Attorneys for Defendants Donavon S. Minnis, Tyler Naccarato, Seth Minnis & Engage Contracting, Inc.*

Dated:  July 31, 2019

19

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing **Answer of Defendants Donavon S. Minnis, Seth Minnis, Tyler Naccarato and Engage Contracting, Inc., and Counterclaim of Defendant Donavon S. Minnis** was filed electronically on this date.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.


Dated: <u>July 31, 2019</u>                          <u>*/s/ Paul J. Greco*                    </u>
                                                    Paul J. Greco

FPDOCS 35859366.1